# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

52 353
132a 203
52 353
86 429

MARY NIXON, Respondent, v. PORTER S. STILLWELL, Appellant.

*Measure of damages for the wrongful cutting of trees — the damages are to be determined by the value of the trees to the land on which they stand.*

Appeal by the defendant from a judgment, entered upon a verdict in the Onondaga County Court on October 19, 1887, and from an order denying a motion for a new trial made on the minutes of the court.

The action was in trespass for wrongfully entering upon the land of plaintiff, the same being in her possession, and without leave cutting down and carrying off trees. Treble damages were claimed under sections 1667 and 1668 of the Code. The jury rendered a verdict for the plaintiff for $200 damages, and answered in the negative the question whether the defendant, when he committed the injury, had probable cause to believe that the land was his own. Thereupon treble damages were awarded to the plaintiff.

The court at General Term said: "Upon the exceptions in this case the main question relates to the matter of damages. The plaintiff and defendant owned adjoining farms. Near the line fence on the north and south line, and on plaintiff's side of the fence there were eight basswood trees, three in one clump and five in another, that were cut by the direction of the defendant without the leave of plaintiff. It was shown, on the part of the plaintiff, that the utility of the trees consisted in their furnishing a shade and windbreak for cattle. The question was then asked: 'What were those three trees, which were first cut down, worth to the land on which they stood for the purpose for which they were used?' This was objected to 'as not being the true rule of damages.' Several questions of this character were put, in some cases the objection being

as above and in other cases the expression being added : 'We claim the true measure of damages to be the value of the trees as standing there upon the land at the time.' No objection to the form of the question in other respects was taken. The objection was, in each case, overruled and exception taken. These rulings present the question whether, in an action of this kind, it is proper to show how the value of the land is affected by the destruction of trees used for shade and a wind-break. It is easy to see that their value for wood or timber, or as trees simply, may be very little, and still that the land without them may be appreciably diminished in value. It is not like the case of destruction of fruit trees that have in themselves a productive value. ( *Whitbeck* v. *N. Y. C. R. R.*, 36 Barb., 644.) It is rather a case where there may be a special value, as connected with the farm, altogether independent of and superior to their intrinsic value for purposes of fuel. (HOGEBOOM, J., in *Van Deusen* v. *Young*, 29 Barb., 19 ; *Wallace* v. *Goodall*, 18 N. H., 456 ; *Chipman* v. *Hibberd*, 6 Cal., 162.) It may be that the form of the question was not proper, but no objection was made to that. The objection that was made was properly overruled. Upon the same subject the court charged that 'the value of the trees merely for wood is not the proper measure of damages, but the jury must take into consideration the location and the use to which they were put and the value to the land on which they stood.' This was not erroneous." *

*Giles B. Everson*, for the appellant.

*W. O. Goodelle*, for the respondent.

Opinion by MERWIN, J. ; HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order reversed and a new trial ordered upon defendants paying costs and disbursements of last trial, costs of appeal to abide the event. If costs and disbursements of trial are not paid, judgment affirmed, with costs.

---

* The court considered from the evidence given that the damages allowed were excessive, and on that ground granted a new trial.— [REP.